Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of plaintiff-employees alleged injury, defendant-employer employed three or more employees.
2. An employee-employer relationship existed between plaintiff-employee and defendant-employer at all relevant times.
3. Zenith Insurance Company is the carrier on the risk.
4. Plaintiffs average weekly wage is $232.00, yielding a compensation rate of $154.74 per week.
5. The parties stipulated to statements by Sharon Price, Stipulated Exhibit No. 1, and Chef L. J. Rush, Stipulated Exhibit No. 2.
6. At the hearing before the Deputy Commissioner, the following issues were to be decided:
(a) Did plaintiff sustain an injury by accident arising out of and in the course of her employment with defendant-employer on 5 June 1995?
(b) If compensable, what benefits is plaintiff entitled to recover as a result of her injury?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about 5 June 1995, plaintiff was employed by defendant-employer as a cafeteria worker. Plaintiff alleged that on or about 5 June 1995, while pushing a food buggy, she slipped on a recently mopped floor in the cafeteria. Plaintiff alleged that she fell, hit her left knee, and also hit her head. She completed her shift on 5 June 1995.
2. Later that evening on 5 June 1995, a family member took plaintiff to the Moses Cone Memorial Hospital Emergency Room. Plaintiff reported that she had low back pain for several weeks. Plaintiff was discharged and told to follow up with Arthur F. Carter, M.D.
3. Dr. Carter first examined plaintiff on 6 June 1995. Plaintiff reported that she was experiencing low back pain with radiation into her legs. Plaintiff reported that she did a lot of heavy lifting at work, but she did not report a fall at work. Dr. Carter diagnosed plaintiff with sciatica and arthritic left hip. Plaintiff was advised to remain out of work for three weeks.
4. Plaintiff returned to Dr. Carter on 28 June 1995. Plaintiff still did not report any fall at work. Dr. Carter diagnosed plaintiff with an internal derangement to her left knee, sciatica, and a degenerative arthritic left hip.
5. Plaintiff was last seen by Dr. Carter on 28 August 1995. He noted that plaintiff had recovered from her symptoms. Dr. Carter advised plaintiff to return to regular duty work at that time. He did not assign any permanent partial disability rating nor any work restrictions for plaintiff.
6. After her release by Dr. Carter, plaintiff did not return to work for defendant-employer. Plaintiff subsequently returned to work for a different employer, the Greensboro Coliseum.
7. Sharon Price was the personnel director of the Greensboro Innkeeper at the time of plaintiffs alleged injury. In Ms. Prices statement, she states that plaintiff did mention a fall to her during the summer of 1995. However, there is nothing in the statement to indicate when this fall occurred or that plaintiff sustained an injury as a result of the fall.
8. The statement of L. J. Rush, the chef at the time of plaintiffs alleged injury, indicates that he does not recall any incident involving a fall by plaintiff at work.
9. Plaintiff has not sought any further medical treatment for any knee, back, or head injury. Plaintiff has been sporadically employed with various employers following her release by Dr. Carter. Plaintiffs difficulty in finding employment was due to limited available transportation.
10. Plaintiff has failed to establish that she sustained an injury by accident arising out of and in the course of her employment on 5 June 1995.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on or about 5 June 1995. G.S. 97-2(6).
2. Plaintiff is not entitled to benefits under the Act. G.S. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is hereby DENIED.
2. Each side shall pay its own costs.
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER